## IN THE UNITED STATES DISTRICT
## FOR THE DISTRICT OF NEW MEXICO

**LESLEY I. BEGAY, as Personal**
**Representative for the Estate of**
**LOVELEA BEGAY, and IRENE BEGAY,**
**Individually,**

      **Plaintiffs,**

**Vs.**

**THE UNITED STATES OF AMERICA,**

      **Defendant.**

## COMPLAINT TO RECOVER DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT FOR WRONGFUL DEATH DUE TO MEDICAL NEGLIGENCE AND FOR LOSS OF CONSORTIUM

Plaintiffs, Lesley I. Begay and Irene Begay, avers for their complaint the following:

1.      Lesley I. Begay resides in Rock Point, Arizona within the Navajo Indian Reservation.  She has been appointed the wrongful death personal representative for Lovelea Begay in San Juan County, Court Case No. SRFC-DM-514-2019, as set forth in **Exhibit 1**.

2.      Irene Begay resides in Rock Point, Arizona within the Navajo Indian Reservation and is the surviving mother of Lovelea Begay.

3.      This civil action seeks compensatory damages arising from the negligence of employees/personnel at Northern Navajo Medical Center ("NNMC") located in Shiprock, New Mexico, a facility operated by the U.S. Department of Health and Human Services and the Indian Health Service.

## JURISDICTION AND VENUE UNDER THE FEDERAL TORT CLAIMS ACT

4.     This action is authorized by and is brought pursuant to the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b) and 28 U.S.C. §2671, et seq., and also pursuant to 28 U.S.C. §1331.

5.     Federal statutes, including the FTCA, vest this court with exclusive jurisdiction over plaintiffs' claims in this case.

6.     The FTCA makes the United States liable for the negligent acts and omissions of federal "employees."

7.     Federal employees include, but are not limited to, employees of the Indian Health Service and to contractors and organizations such as NNMC and its governing board.

8.     At all times material to this case defendant United States funded, and controlled NNMC through the U.S. Department of Health and Human Services and the Indian Health Service.

9.     NNMC provides medical care to Native Americans, primarily Navajos, who are members of recognized tribes pursuant to various federal statutes and other law.

10.    At all times material to this case defendant United States, acting through the Indian Health Service and NNMC, held itself out to have the ability to provide medical care to members of the Navajo Nation at NNMC, including the ability to address decedent's medical/health problems as for which decedent sought care at NNMC.

11.    Plaintiffs, through legal counsel, presented on July 24, 2020, to the United States Department of Health and Human Services a timely administrative claim under the FTCA alleging negligence by federal "employees" of NNMC in the provision of medical care to decedent, as set forth in **Exhibit 2**.

12.     Defendant has not yet denied or attempted to settle plaintiffs' claim despite plaintiffs providing defendant with documentation of their claims.

13.     Plaintiffs have now exhausted their administrative remedies as required by the FTCA.

14.     Plaintiffs are authorized by statute to file this action in the United States District Court for the District of New Mexico.

15.     Venue is proper in this district under 28 U.S.C. §1402(b).

## FACTUAL BACKGROUND

16.     On the December 1, 2018, Lovelea Begay was involved in a two-vehicle head-on motor vehicle collision in which she was seriously injured.

17.     Subsequent to the collision, Lovelea Begay was transported to NNMC for stabilization prior to transport and treatment at an outside facility.

18.     As a consequence of her treatment for the crash-related injuries sustained in the collision of  December 1, 2018, a record of her injuries was created at, and available to, NNMC and its staff.

19.     Lovelea Begay's crash related injuries included bilateral severe injuries to her lower extremities, including, but not limited to, a right tib/fib fracture.

20.     The injuries suffered in the collision of 1 December 2018 by Lovelea Begay are known to the medical community to cause and predispose victims to pulmonary embolism.

21.     On January 5-6, 2019, Lovelea Begay presented to NNMC with the following symptoms: cough for 2 days that was getting worse, nausea, dizziness, shortness of breath, and tachycardia.

22.     Said symptoms were consistent with pulmonary embolism.

23.     Lovelea Begay was seen by, among treating personnel at NNMC, Rotimi Iluyomade, M.D.

24.     Lovelea Begay was still wheelchair-bound at the time of her presentation at NNMC on January 5-6, 2019.

3

25.     The recent motor vehicle collision and Lovelea Begay's resulting injuries were evident from the fact of her being wheelchair-bound and, also, would have been readily available from her medical records generated at NNMC at the time of her December 1, 2018, treatment at NNMC, and also, would have been readily obtained by simple verbal inquiry and communication with Lovelea Begay.

26.     Lovelea Begay was on January 6, 2019, a resident of Rock Point, Arizona, a Navajo Indian Community approximately one hour or more distant form NNMC or other medical facilities.

27.     Notwithstanding symptoms consistent with pulmonary embolism, and evident injuries known to cause or contribute to pulmonary embolism, Lovelea Begay was treated for a supposed asthmatic condition, and discharged home, while still symptomatic.

28.     Lovelea Begay went home and was found dead of a pulmonary embolism on January 6, 2019 by family members.

## CAUSE OF ACTION

## DUTY, NEGLIGENCE AND CAUSATION

29.     The foregoing averments are incorporated by reference herein.

30.     The United States is legally responsible for the negligent action of NNMC's employees, while those employees are performing job duties for the employer or engaged in furtherance of the interests of the employer.

31.     Upon information and belief, the involved staff who participated in the medical care of decedent were employees of the Indian Health Service at all pertinent times.

32.     Those employees were on the job performing job-related duties for NNMC at the time they were engaged in providing healthcare to decedent.

33.     If any NNMC staff were not actual employees of the Indian Health Service at the time of the incident(s), they may have been contract employees whose contracts with the defendant provide that the defendant is liable under the Federal Tort Claims Act for their negligence.

34.     If any negligent NNMC staff was not an actually employee of the Indian Health Service at the time of the incident(s), they may have been contract employees for whom the defendant is vicariously liable under the Federal Tort Claims Act pursuant to the doctrines of law such as agency and respondeat superior.

35.     At all material times, Defendant's employees or agents, including Rotimi Iluyomade, M.D., had a duty to exercise reasonable care in the diagnosis and treatment of decedent and to possess and use the degree of skill and learning ordinarily used in the same or similar circumstances by members of their professions in the provision of healthcare.

36.     The medical staff involved in the treatment of Lovelea Begay on January 5 and 6, 2019, breached their duties of care to Lovelea Begay by failure to meet the standards of care, skill, and practice required by members of the relevant professions by:

a)      failure to recognize the probability or differential diagnosis of pulmonary embolism from Lovelea Begay's symptoms, records, appearance, or communications;

b)      discharging Lovelea Begay home to a location distant from medical care before excluding the existence of pulmonary embolism;

c)      failure to keep Lovelea Begay under observation until the risk of pulmonary embolism was excluded; and,

d)      failure to order such tests and perform such examinations as would confirm or exclude the existence of, a pulmonary embolism.

37.     The negligent actions and omissions of the NNMC staff were actions and omissions for which the United States would be liable to plaintiffs for negligence under the laws of the State of New Mexico, the place where the incident occurred, if the United States were a private individual at fault for the same negligence.

38.     The negligent actions and omissions of the NNMC staff deprived Lovelea Begay of the chance for live-saving medical care at a facility capable of providing care for Lovelea Begay's medical condition.

39.     At all times material hereto, Lovelea Begay was a patient of the Indian Health Services, an agency of the United States Department of Health & Human Services, and was in the care and custody of NNMC and involved staff, dependent upon the government, the hospital, and the hospital staff for her medical care.

40.     As a direct and proximate result of the negligence of defendant United States and its employees, Lovelea Begay died.

## **DAMAGES**

41.     Under the FTCA and the law of the place of the wrong, the State of New Mexico, plaintiffs are entitled to compensatory damages for the wrongful death of Lovelea Begay including for the reasonable expenses of funeral and burial; pain and suffering experienced by decedent, lost earnings, the value of life itself, the aggravating circumstances attending decedent's death; and the emotional distress caused by the loss of relationships with decedent.  Defendant United States is liable to plaintiffs for their losses and plaintiffs hereby claim a right to recover all allowable damages recognized by New Mexico law, whether specifically mentioned herein or not.

42.     Plaintiff Irene Begay is entitled to recover compensatory damages for the loss of the love, companionship, support and assistance of her daughter Lovelea Begay, and such other damages

are available for under the laws of New Mexico for the loss of consortium attendant upon the loss of her daughter.

## **CONCLUSION**

WHEREFORE, plaintiffs pray for the court to enter judgment for plaintiffs and to order that they be compensated for all losses allowed or recognized by law, for an award of allowable costs, pre- and post-judgment interests and for such other relief as recognized under the laws and rules that govern this case.

Respectfully submitted,

**BARBER & BORG, LLC**


*/s/ Forrest G. Buffington*
Forrest G. Buffington
P.O. Box 67350
Albuquerque, NM 87193-7350
505-884-0004
505-884-0077
Email:  forrest@barberborg.com
ATTORNEYS FOR THE PLAINTIFFS

JUL 3 '19 AM 10:40
SHIPROCK DIST. COUR

IN THE FAMILY COURT OF THE NAVAJO NATION
FOR THE JUDICIAL DISTRICT OF SHIPROCK, NEW MEXICO

IN THE MATTER OF THE APPOINTMENT            )
OF A PERSONAL REPRESENTATIVE FOR THE        )   No. SRFC-DM-514-2019
WRONGFUL DEATH OF LOVELEA BEGAY,            )
Deceased.                                   )

<u>ORDER APPOINTING PERSONAL REPRESENTATIVE
TO PURSUE WRONGFUL DEATH CLAIM</u>

THIS MATTER comes before the Court on the petition of Lesley I. Begay, for appointment as personal representative of Lovelea Begay, deceased, for the purpose of pursuing a wrongful death claim, and the court having considered the petition, finds as follows:

1.      The petition for appointment of personal representative is complete.

2.      The application has made oath or affirmation that the statements contained in the application are true to the best of applicant's knowledge and belief.

3.      On the basis of the statements in the petition, this court has jurisdiction over this matter.

4.      On the basis of the statements in the petition, venue is proper because decedent was a Navajo Indian and died due to alleged negligence that occurred in San Juan County, New Mexico.

5.      Petitioner has made oath or affirmation that, after the exercise of reasonable diligence, she has determined that decedent died unmarried and childless with herself, and the father as surviving parents and the following siblings as set forth in the Petition. She has also identified decedent's immediate family members, including herself. The persons identified by Petitioner are:


EXHIBIT
1

| NAME | ADDRESS | RELATIONSHIP TO DECEDENT |
|------|---------|--------------------------|
| Irene Begay | P.O. Box 45<br>Rock Point, AZ 86545 | Mother |
| Leslie B. Begay | P.O. Box 45<br>Rock Point, AZ 86545 | Father |
| Lesley Begay | P.O. Box 45<br>Rock Point, AZ 86545 | Sister |
| Lucius Begay | P.O. Box 45<br>Rock Point, AZ 86545 | Brother |
| Juliet Wilson | 2037 West Butler Dr.<br>Phoenix, AZ 85021 | Sister |
| Lamont Begay | P.O. Box 45<br>Rockpoint, AZ 86545 | Brother |

6.     Petitioner states that she has been advised as to the requirements of the personal representative under New Mexico law as to his obligations and fiduciary responsibilities to other claimants and beneficiaries of a wrongful death claim.

7.     Petitioner has made oath or affirmation that she recognizes her duties under the wrongful death law of New Mexico and agrees to comply with them as applicable and to serve as statutory trustee for discoverable and identifiable beneficiaries as required by law.

8.     To the best of petitioner's knowledge, no other person has been appointed as a personal representative for the purpose of pursuing a wrongful death claim on behalf of the estate of Lovelea Begay.

9.     It appears from the petition that this proceeding was commenced as prescribed by the laws of New Mexico.

NOW, THEREFORE, IT IS ORDERED as follows:

A.     The petition is hereby granted.

2

B.    Petitioner, Lesley I. Begay, is hereby appointed as the personal representative of Lovelea Begay, deceased, for the purpose of pursuing a wrongful death claim.

C.    Petitioner shall distribute any sums recovered from the wrongful death claim in accordance with applicable law after the payment of funeral expenses, attorney fees, and related expenses, as ordered by this court, or any other court of competent jurisdiction, it being anticipated that the proceedings will be bought in San Juan County, New Mexico.

D.    Petitioner is expressly authorized to request and receive medical records of the decedent in order to information in furtherance of the anticipated wrongful death action.

_____   7/19/2019
Judge, District Court of the New Mexico

Order submitted by:


_____
Forrest G. Buffington, Esq.
Attorney for Petitioner,
Lesley I. Begay
P.O. Box 4690
Yatahey, NM 87375
(505) 905-5000


I HEREBY CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY OF THE
INSTRUMENT ON FILE IN THE
COURTS OF THE NAVAJO NATION.


_____
CLERK, COURTS OF THE NAVAJO NATION

3

| CLAIM FOR DAMAGE, INJURY, OR DEATH *Amended and Corrected* | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency:<br><br>General Law Division<br>330 Independence Avenue SW, Room 4256<br>Washington, DC 20201 | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse.) Number, Street, City, State and Zip code.<br><br>Lesley Begay<br>c/o Barber & Borg, LLC<br>PO Box 67350<br>Albuquerque, NM  87193-7350 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>7/04/1991 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>On or about   01/06/2019 | 7. TIME (A.M. OR P.M.)<br>unknown |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

This Notice supersedes that Form 95 previously submitted and dated March 14, 2020.  This claim is resulting from medical negligence at Northern Navajo Medical Center in Shiprock, New Mexico for failure to diagnose or take precautionary measures against a pulmonary embolism, resulting in the death of Lovelea Begay at Northern Navajo Memorial Center set forth in greater detail in Lovelea Begay's Attachment 2.  This claim is based upon the value of the life of Lovelea Begay including lost income, and hedonic damages, and all other elements of wrongful death in New Mexico, and loss of consortium and support to the parents, Irene Begay and Leslie Begay.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Personal Injury/Wrongful Death.  See Lovelea Begay Attachment 2.

| 11. | WITNESSES | |
|---|---|---|
| | NAME | ADDRESS (Number, Street, City, and Zip Code) |
| | See Lovelea Begay Attachment 3. | See Lovelea Begay Attachment 3 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH<br>$5,000,000.00 | 12d. TOTAL (Failure to specify may cause forfeiture of your rights).<br>$5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br>*Lesley Begay*<br>Wrongful death personal representative<br>CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>602.521.2635 | 14. DATE OF SIGNATURE<br>6-22-20 |
|---|---|---|

| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br>Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br><br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DOJ<br>28 CFR 14.2 |
|---|---|---|



EXHIBIT
2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☐ No

**N/A**

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☐ No   17. If deductible, state amount.

**N/A**

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

**N/A**

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☐ No

**N/A**

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

| US Department of Health Human Services | William H. Barr, Attorney General |
|---|---|
| Hubert H. Humphrey Building | US Department of Justice |
| 200 Independence Avenue SW | 950 Pennsylvania Avenue NW |
| Washington, DC  20201 | Washington, DC  20530-0001X |

LOVELEA BEGAY ATTACHMENT 1

8.   BASIS OF CLAIM

10.   PERSONAL INJURY/WRONGFUL DEATH


Lesley Begay is the Wrongful Death Personal Representative of Lovelea Begay, deceased, having been this appointed on the 19th day of July, 2019 in the Family Court of the Navajo Nation for the Judicial District of Shiprock, New Mexico Cause No.:   SRFC-DM-514-2019.

Decedent Lovelea Begay (DOB:   05/07/0978) was involved in an auto accident on December 1, 2018.   She was airlifted and underwent surgical repair of severe comminuted fractures of the right tibia and fibula at San Juan Regional Medical Center (SJRMC), 801 W. Maple, Farmington, NM 87401.   She was discharged from SJRMC on or about December 5, 2018.

On December 30, 2018, decedent presented to Northern Navajo Medical Center (NNMC) Emergency Room, US 491, Shiprock, NM 87420 complaining of right leg pain with purulent drainage and erythema at incision site.   Ms. Begay was in a brace and in a wheelchair.   Imaging of decedent's right tibia and fibula was read by an unknown individual who stated "no subcutaneous emphysema".   The imaging was later re-read by a radiologist who identified a soft tissue tract tunneling to the site of the fracture.   Dr. Johnson stated it was not surprising there is a small amount of air tracking got the fracture and prescribed outpatient antibiotics to treat the cellulitis as sufficient.

On December 30, 2018 at 10:17 there was a note in decedent's radiology report to call patient for critical findings and that such a call was made by Tase' Augustus to Dawa Ewer on December 30, 2018 at 10:56 a.m., results of call unknown.   Progress notes were recorded by Asha Atwell, DO, Jessica Powell, RN, Dana Ewer, RN, Douglas Accountius, NP, Dr. Johnson, Radiologist Richard Hammer.   The report findings of the calls and later calls are unknown.

On January 1, 2019 there was a phone call/message noted by Robbie Besel, RN/Harriet Clah at 18:19 and a message was left with patient's granddaughter at 14:30 to call the ER as Lovelea Begay was childless, the identity of the person called is uncertain.   Additional phone calls were noted at 15:30 and 18:19 that there was no answer x3 calls and the information would be passed on the night shift. No other follow-up ensued.

The next note to follow was on January 5, 2019 at 22:50 when decedent returned to the emergency department of NNMC where she complained of a cough, shortness of breath, dizziness and nausea.   Decedent's respirations were 18 and her pulse was 135.   She was noted to hypoxic and tachycardic.   Decedent was diagnosed with an upper respiratory infraction, bronchitis, hypoxia, cough and tachycardia.   Treating provider was Rotimi

Iluyomade, MD.  Decedent was administered a breathing treatment of albuterol by Rose Marie Johnson, RT.  Decedent's breath sounds were noted to be coarse before and after the breathing treatment by RT Rose Marie Johnson.  A chest x-ray was negative.  No other testing is noted in the record.  Decedent was discharged on January 6, 2019 at 01:10.  It should be noted that the decedent's home was in excess of an hour away from NNMC and in excess of one half-hour from the nearest medical clinic.

The US Department of Health and Human Services, National Heart, Lung, and Blood Institute confirms the risk of developing a deep vein thrombus is highest after surgery and long periods of immobilization.  If the embolus from a deep vein blood clot breaks loose and travels to the lungs, a pulmonary embolism occurs.  Blood clots develop in the veins damaged by surgery or trauma, or the result of inflammation in response to an infection or injury.  See, https://www.nhlbi.nih.gov/events/2011/pulmonary-embolism-research.  The US Department of Health goes on to identify signs and symptoms of a deep vein thrombosis can be observed near the clot and are described as swelling, pain or tenderness, increased warmth, cramps or aching in the area, usually the calf or thigh, and red or discolored skin.  Recognizable signs and symptoms of a pulmonary embolism include shortness of breath, pain with deep breathing, rapid breathing, increased heart rate and the less common signs of coughing and feelings of anxiety or dread, light-headedness or fainting and sweating.  See *Id.*

Despite decedent's clinical presentations of recent history of traumatic lower extremity orthopedic surgery, pain, redness and swelling at the site of her incision, unproductive cough, shortness of breath, hypoxia, leg pain and tachycardia (increased heart rate), no studies were done to identify or rule out pulmonary embolism.  Furthermore, no alternative diagnoses were considered when the albuterol/nebulizer treatment failed to improve her coarse lung sounds and she remained tachycardic and hypoxic.

Decedent was found dead at home at 17:13, 16 hours after her discharge from the emergency room.  Lovelea Begay's cause of death was determined to be pulmonary thromboembolism.

Providers had reason to suspect and anticipate the decedent was experiencing pulmonary thromboembolism based on her prior radiology and her history of a vascular injury and reduced mobility.  Failure to anticipate and rule out pulmonary thromboembolism was below the standard of care.

The above providers and others yet to be identified acted negligently and wrongfully and Lovelea Begay died as a result of these actions and failure to act.

In addition, the medical providers were negligent in failing to review and appreciate the decedent's medial history for factors indicating she was at risk for pulmonary embolism, failing to refer her for further tests and evaluation, and failing to retain her under

2
**LOVELEA BEGAY ATTACHMENT 2**

observation prior to discharge, especially, as was the case here before, discharging her to a location without adequate emergency medical service available nearby, and in failing to provide adequate discharge instructions.

Ms. Begay was employed at the time of her death, was unmarried and childless and survived by her parents Irene Begay and Leslie Begay. They have also suffered a loss of consortium, emotional distress, support, assistance, and societal and similar losses by reason of the death of Lovelea Begay. The wrongful death estate of Lovelea Begay has suffered, funerary expenses, burial expenses, lost earnings, the value of life apart from decedent's earnings, and such related damages as are recoverable under New Mexico law.

This form (Form 95) is formal notice of a claim, as required by federal law. It is not a pleading and is intended to be interpreted liberally in view of the fact that claimant has limited information about the claim and that much of the necessary information is in the hands of the United States government and the hospital/facility where claimant was treated. There may be other, unspecified, negligent acts or omissions, which have not been precisely identified at this time, but which are part of the sequence of events from which the claim arises. This includes failure to obtain informed consent from the claimant, which is hereby alleged. Some acts or omissions my pre-date the date stated on this form and some may have come afterward, but they are interrelated. All negligent acts and omissions related to the stated claim are hereby included in the tort notice, including, if appropriate, failure to transfer in a safe, reasonable, and timely manner, failure to communicate, failure to diagnose, failure to obtain the claimant's medical history in a timely manner, failure to review claimant's medical records in a timely manner, failure to communicate, failure to diagnose, failure to obtain the claimant's medical history in a timely manner, failure to review claimant's medical records in a timely manner, surgery errors, negligent hiring, training, supervision, and retention, and failure to provide appropriate and timely follow up care. Claimant has requested, but does not possess all of claimant's medical records. For some reason, the government often does not possess all of claimant's medical records. For some reason, the government often does not provide copies of all of the claimant's medical records when requested. No government employees have been questioned by claimant, yet they may have valuable information about the circumstances involved. Further information obtained during the claim process and later during litigation may add clarity and precision to the claim. It is felt that the notice provided and the information given is sufficient under law to allow the government to conduct its own investigation of the circumstances of the claim.


The Autopsy report, death certificate and medical records of Lovelea Begay are attached as Lovelea Begay Disc 1.

11.   WITNESSES

Anticipated witnesses include, but are not limited to:

| | |
|---|---|
| Dr. Johhnson<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 | Tase' Augustus<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 |
| Asha Atwell, DO<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 | Jessica Powell, RN<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 |
| Dana Ewer, RN<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 | Douglas Accountius, NP<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 |
| Radiologist Richard Hammer<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 | Robbie Besel, RN<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 |
| Harriet Clah<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 | Rotimi Iluyomade, MD<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 |
| Rose Marie Johnson, RT<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 | Michael Madsen, MD<br>Assistant Medical Examiner<br>Public Health Services District of Coconino County<br>Medical Examiner<br>S Office<br>2500 North Fort Valley Road<br>Flagstaff, AZ 86001 |
| Irene Begay, Mother of decedent<br>c/o Forrest G. Buffington<br>Barber & Borg, LLC<br>PO Box 30745<br>Albuquerque, NM 87190 | Leslie Begay, Father of decedent<br>c/o Forrest G. Buffington<br>Barber & Borg, LLC<br>PO Box 30745<br>Albuquerque, NM 87190 |

Others witnesses have yet to be identified.

LOVELEA BEGAY ATTACHMENT 3



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

WASHINGTON DC 20201

Certified Mail Fee  $3.55

$2.35

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ $0.00
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $

Postage        $1.40

Total                06/30/2020

Ms. Jennifer Smith
General Law Division
Sent US Dept. of HHS
Street 330 C. Street, SW
Switzer Building, Suite 2100
City, Washington. DC 20201

7019 0140 0000 6865 1606

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Ms. Jennifer Smith
   General Law Division
   US Dept. of HHS
   330 C. Street, SW
   Switzer Building, Suite 2100
   Washington. DC 20201

9590 9402 5300 9154 1407 92

2. Article Number (Transfer from service label)

7019 0140 0000 6865 1606

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                          ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

RECEIVED
JUL 2 4 2020
BY:

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Return Receipt for Merchandise
☐ Collect on Delivery                ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation
☐ Insured Mail                       Restricted Delivery
☐ Insured Mail Restricted Delivery
   (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053              Domestic Return Receipt

Paul D. Barber, Esq. & Scott E. Borg, Esq.
BARBER & BORG, LLC
P.O. Box 30745
Albuquerque, NM  87190-0745
Street Address: 3816 Carlisle Blvd, NE Suite C (87107)
Office: (505) 884-0004 / Fax: (505) 884-0077

## AUTHORIZATION TO INSTITUTE A CLAIM
## UNDER THE FEDERAL TORT CLAIMS ACT

I have retained the law firm of BARBER & BORG, LLC to represent me as to a claim arising

under the Federal Tort Claims Act. This matter involves negligence by the United States of America,

its contractors, or its employees. The name of the injured or deceased person is Lovelea Begay.  The

alleged negligence occurred on or about January 6, 2019.

My relationship to the injured or deceased person is:

- ☐   I am the injured party who is bringing the claim myself.
- ☐   I am the surviving spouse of the decedent.
- ☑   I am a personal representative of the decedent, Lesley Begay.
- ☐   I am a surviving child or statutory beneficiary of the decedent.
- ☐   I am the natural parent and next friend of _____, a minor.
  - a. ___ The injured person is a minor.
  - b. ___ The minor has a claim for loss of consortium.
- ☐   I am the court-appointed legal guardian of the injured person, _____.
- ☐   I am the guardian ad litem for _____.
- ☐   Other:_____
  _____

I hereby authorize the law firm of BARBER & BORG, LLC to make a formal claim against the

United States of America, to file on my behalf and on behalf of anyone I represent, as identified above,

a Standard Form 95, and to institute litigation under the Federal Tort Claims Act.

_Lesley Begay_
Signature of Client

6 - 22 - 20
Date

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| General Law Division<br>330 Independence Avenue SW, Room 4256<br>Washington, DC 20201 | Irene Begay<br>c/o Barber & Borg, LLC<br>PO Box 67350<br>Albuquerque, NM 87193-7350 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 12/16/1948 | Married | On or about       01/06/2019 | unknown |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

This claim is resulting from medical negligence at Northern Navajo Medical Center in Shiprock, New Mexico for failure to diagnose or take precautionary measures against a pulmonary embolism, resulting in the death of Lovelea Begay at Northern Navajo Memorial Center set forth in greater detail in Lovelea Begay's Attachment 2. This claim is based upon the value of the life of Lovelea Begay including lost income, and hedonic damages, and all other elements of wrongful death in New Mexico, and loss of consortium and support to the parents, Irene Begay and Leslie Begay.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Personal Injury/Wrongful Death/Loss of Consortium.  See Lovelea Begay Attachment 2.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| See Lovelea Begay Attachment 3. | See Lovelea Begay Attachment 3 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights) |
| | $5,000,000.00 | 0.00 | $5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Irene Begay* | 505 884 0004 | 10·21·2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|
| 95-109 | | |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No   17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

N/A

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

8.      BASIS OF CLAIM

10.     PERSONAL INJURY/WRONGFUL DEATH

Irene Begay is natural mother of the decedent.  She hereby states her claim for loss of consortium in addition to her prior claim as to the wrongful death of her daughter, Lovelea Begay (Claim No. 2020-0472/1234/1235).

Irene and Leslie Begay are the natural mother and father of Lovelea Begay.  Lovelea Begay resided with Irene and Leslie Begay.  Lovelea Begay provided household services, financial support, transportation and interface with the non-reservation world.  Lovelea also provided all of the love and companionship normally expected from an adult daughter.

Decedent Lovelea Begay (DOB:  05/07/0978) was involved in an auto accident on December 1, 2018.  She was airlifted and underwent surgical repair of severe comminuted fractures of the right tibia and fibula at San Juan Regional Medical Center (SJRMC), 801 W. Maple, Farmington, NM 87401.  She was discharged from SJRMC on or about December 5, 2018.

On December 30, 2018, decedent presented to Northern Navajo Medical Center (NNMC) Emergency Room, US 491, Shiprock, NM 87420 complaining of right leg pain with purulent drainage and erythema at incision site.  Ms. Begay was in a brace and in a wheelchair.  Imaging of decedent's right tibia and fibula was read by an unknown individual who stated "no subcutaneous emphysema".  The imaging was later re-read by a radiologist who identified a soft tissue tract tunneling to the site of the fracture.  Dr. Johnson stated it was not surprising there is a small amount of air tracking got the fracture and prescribed outpatient antibiotics to treat the cellulitis as sufficient.

On December 30, 2018 at 10:17 there was a note in decedent's radiology report to call patient for critical findings and that such a call was made by Tase' Augustus to Dawa Ewer on December 30, 2018 at 10:56 a.m., results of call unknown.  Progress notes were recorded by Asha Atwell, DO, Jessica Powell, RN, Dana Ewer, RN, Douglas Accountius, NP, Dr. Johnson, Radiologist Richard Hammer.  The report findings of the calls and later calls are unknown.

On January 1, 2019 there was a phone call/message noted by Robbie Besel, RN/Harriet Clah at 18:19 and a message was left with patient's granddaughter at 14:30 to call the ER as Lovelea Begay was childless, the identity of the person called is uncertain.  Additional phone calls were noted at 15:30 and 18:19 that there was no answer x3 calls and the information would be passed on the night shift. No other follow-up ensued.

The next note to follow was on January 5, 2019 at 22:50 when decedent returned to the emergency department of NNMC where she complained of a cough, shortness of breath, dizziness and nausea.  Decedent's respirations were 18 and her pulse was 135.  She was noted to hypoxic and tachycardic.  Decedent was diagnosed with an upper respiratory infraction, bronchitis, hypoxia, cough and tachycardia.  Treating provider was Rotimi Iluyomade, MD.  Decedent was administered a breathing treatment of albuterol by Rose Marie Johnson, RT.

Decedent's breath sounds were noted to be coarse before and after the breathing treatment by RT Rose Marie Johnson. A chest x-ray was negative. No other testing is noted in the record. Decedent was discharged on January 6, 2019 at 01:10. It should be noted that the decedent's home was in excess of an hour away from NNMC and in excess of one half-hour from the nearest medical clinic.

The US Department of Health and Human Services, National Heart, Lung, and Blood Institute confirms the risk of developing a deep vein thrombus is highest after surgery and long periods of immobilization. If the embolus from a deep vein blood clot breaks loose and travels to the lungs, a pulmonary embolism occurs. Blood clots develop in the veins damaged by surgery or trauma, or the result of inflammation in response to an infection or injury. See, https://www.nhlbi.nih.gov/events/2011/pulmonary-embolism-research. The US Department of Health goes on to identify signs and symptoms of a deep vein thrombosis can be observed near the clot and are described as swelling, pain or tenderness, increased warmth, cramps or aching in the area, usually the calf or thigh, and red or discolored skin. Recognizable signs and symptoms of a pulmonary embolism include shortness of breath, pain with deep breathing, rapid breathing, increased heart rate and the less common signs of coughing and feelings of anxiety or dread, light-headedness or fainting and sweating. See *Id*.

Despite decedent's clinical presentations of recent history of traumatic lower extremity orthopedic surgery, pain, redness and swelling at the site of her incision, unproductive cough, shortness of breath, hypoxia, leg pain and tachycardia (increased heart rate), no studies were done to identify or rule out pulmonary embolism. Furthermore, no alternative diagnoses were considered when the albuterol/nebulizer treatment failed to improve her coarse lung sounds and she remained tachycardic and hypoxic.

Decedent was found dead at home at 17:13, 16 hours after her discharge from the emergency room. Lovelea Begay's cause of death was determined to be pulmonary thromboembolism.

Providers had reason to suspect and anticipate the decedent was experiencing pulmonary thromboembolism based on her prior radiology and her history of a vascular injury and reduced mobility. Failure to anticipate and rule out pulmonary thromboembolism was below the standard of care.

The above providers and others yet to be identified acted negligently and wrongfully and Lovelea Begay died as a result of these actions and failure to act.

In addition, the medical providers were negligent in failing to review and appreciate the decedent's medial history for factors indicating she was at risk for pulmonary embolism, failing to refer her for further tests and evaluation, and failing to retain her under observation prior to discharge, especially, as was the case here before, discharging her to a location without adequate emergency medical service available nearby, and in failing to provide adequate discharge instructions.

Ms. Begay was employed at the time of her death, was unmarried and childless and survived by her parents Irene Begay and Leslie Begay. They have also suffered a loss of consortium,

emotional distress, support, assistance, and societal and similar losses by reason of the death of Lovelea Begay. The wrongful death estate of Lovelea Begay has suffered, funerary expenses, burial expenses, lost earnings, the value of life apart from decedent's earnings, and such related damages as are recoverable under New Mexico law.

This form (Form 95) is formal notice of a claim, as required by federal law. It is not a pleading and is intended to be interpreted liberally in view of the fact that claimant has limited information about the claim and that much of the necessary information is in the hands of the United States government and the hospital/facility where claimant was treated. There may be other, unspecified, negligent acts or omissions, which have not been precisely identified at this time, but which are part of the sequence of events from which the claim arises. This includes failure to obtain informed consent from the claimant, which is hereby alleged. Some acts or omissions my pre-date the date stated on this form and some may have come afterward, but they are interrelated. All negligent acts and omissions related to the stated claim are hereby included in the tort notice, including, if appropriate, failure to transfer in a safe, reasonable, and timely manner, failure to communicate, failure to diagnose, failure to obtain the claimant's medical history in a timely manner, failure to review claimant's medical records in a timely manner, failure to communicate, failure to diagnose, failure to obtain the claimant's medical history in a timely manner, failure to review claimant's medical records in a timely manner, surgery errors, negligent hiring, training, supervision, and retention, and failure to provide appropriate and timely follow up care. Claimant has requested, but does not possess all of claimant's medical records. For some reason, the government often does not possess all of claimant's medical records. For some reason, the government often does not provide copies of all of the claimant's medical records when requested. No government employees have been questioned by claimant, yet they may have valuable information about the circumstances involved. Further information obtained during the claim process and later during litigation may add clarity and precision to the claim. It is felt that the notice provided and the information given is sufficient under law to allow the government to conduct its own investigation of the circumstances of the claim.

**LOVELEA BEGAY ATTACHMENT 2**

11.    WITNESSES

Anticipated witnesses include, but are not limited to:

| | |
|---|---|
| Dr. Johhnson<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 | Tase' Augustus<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 |
| Asha Atwell, DO<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 | Jessica Powell, RN<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 |
| Dana Ewer, RN<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 | Douglas Accountius, NP<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 |
| Radiologist Richard Hammer<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 | Robbie Besel, RN<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 |
| Harriet Clah<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 | Rotimi Iluyomade, MD<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 |
| Rose Marie Johnson, RT<br>c/o Northern Navajo Medical Center<br>PO Box 160<br>Shiprock, NM 87420 | Michael Madsen, MD<br>Assistant Medical Examiner<br>Public Health Services District of Coconino<br>County<br>Medical Examiner<br>S Office<br>2500 North Fort Valley Road<br>Flagstaff, AZ 86001 |
| Irene Begay, Mother of decedent<br>c/o Forrest G. Buffington<br>Barber & Borg, LLC<br>PO Box 30745<br>Albuquerque, NM 87190 | Leslie Begay, Father of decedent<br>c/o Forrest G. Buffington<br>Barber & Borg, LLC<br>PO Box 30745<br>Albuquerque, NM 87190 |

Others witnesses have yet to be identified.

LOVELEA BEGAY ATTACHMENT 3



US Dept. of Health & Human Services
Claims and Employment Law Branch
330 C Street, SW, Switzer Bldg, Ste 2600
Washington, DC 20201

About 53,500,000 results (0.55 seconds)

**Search Results**

## Track your package

Data provided by USPS

---

**Tracking number** 70191640000217301491

**Delivered**



October 29, 11:48AM

Washington, DC

Nathan S. Anderson & Scott E. Borg

# NAVAJO INJURY LAW

➡ BARBER & BORG ➡
6240 Riverside Plaza Lane NW, Suite 250
P.O. Box 67350
Albuquerque, NM 87193-7350
Office: (505) 884-0004 / Fax: (505) 884-0077
Email: Nathan@barberborg.com

## AUTHORIZATION TO BRING A CLAIM
## UNDER THE FEDERAL TORT CLAIMS ACT

By my notarized signature given below, I hereby authorize the law firm of Barber & Borg, LLC, and attorneys Nathan S. Anderson, Scott E. Borg and Forrest G. Buffington to prepare a tort or personal injury claim for me pursuant the Federal Tort Claims Act, and to file and prosecute such claim on my behalf and on behalf of anyone I represent, either as a personal representative, a guardian or guardian ad litem, or as parent and next friend. Barber & Borg, LLC shall be authorized to sign any forms needed to bring a claim on my behalf, including Standard Form 95.

_____
Claimant

SUBSCRIBED AND SWORN to before me this __15__ day of _October_ , 20 _20_

_____
Notary Public

My Commission Expires:

_12/20/2022_

OFFICIAL SEAL
**KAREN DEALE**
Notary Public State of New Mexico
My Commission Expires 12/20/2022